### JACOB TENNENBAUM v. STATE.

ALLEGATION THAT TRANSACTION IS CONDITIONAL SALE ESSENTIAL TO CHARGE OF-FENSE OF RETAKING GOODS SOLD ON INSTALLMENTS.

> In the absence of an allegation that the transaction was a conditional sale as defined by Sec. 1 of act 98 O. L. 115 (Sec. 4155-2 Rev. Stat.; Lan. 6849), a demurrer will lie to an affidavit charging the seller with retaking goods which had been sold on installments and on which the amount paid exceeded 25 per cent of the contract price for said goods.

[Syllabus approved by the court.]

**T. H. Darby** and **L. S. Miller,** for plaintiff in error.

**B. S. Oppenheimer,** for defendant in error:

Cited and commented upon the following authorities: *Mull* v. *Typewriter Co.* 14 Dec. 255; *Wild* v. *State,* 46 Ohio St. 450 [21 N. E. Rep. 643]; *Sanders* v. *Keber,* 28 Ohio St. 630; *Call* v. *Seymour,* 40 Ohio St. 670; Lewis' Sutherland, Stat. Constr. (2 ed.) Sec. 363, 370; Bishop, Stat. Crimes (2 ed.) Sec. 93, 200; Endlich, Interp. of Stat. Sec. 138; *Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1 [58 N. E. Rep. 790]; *Eastman* v. *State,* 6 Dec. 296 (4 N. P. 163); *Barker* v. *State,* 69 Ohio St. 68, 74 [68 N. E. Rep. 575]; *United States* v. *Hartwell,* 73 U. S. 385 [18 L. Ed. 830]; *State* v. *Brown,* 7 Ore. 187; *Conrad* v. *State,* 75 Ohio St. 52 [78 N. E. Rep. 957; 6 L. R. A. (N. S.) 1154]; *Cavanaugh* v. *Bloom,* 10 Dec. 222 (8 N. P. 6); *Sun Fire Office* v. *Clark,* 53 Ohio St. 414 [42 N. E. Rep. 248; 38 L. R. A. 562]; *Clark* v. *Irvin,* 9 Ohio 131;

*Tufts* v. *Haynie,* 2 Circ. Dec. 668 (4 R. 494); *Chicago Cottage Organ Co.* v. *Biggs,* 12 Circ. Dec. 497 (22 R. 392); *Krug* v. *Cash Register Co.* 13 Dec. 735; *Williams* v. *West,* 2 Ohio St. 83; *Frank* v. *Jenkins,* 22 Ohio St. 597; *National Cash Reg. Co.* v. *Carey,* 14 Dec. 302; *Speyer* v. *Baker,* 59 Ohio St. 11 [51 N. E. Rep. 442]; *Susman* v. *Whyard,* 149 N. Y. 127 [43 N. E. Rep. 413]; *Singer Mfg. Co.* v. *Smith,* 40 S. C. 529 [19 S. E. Rep. 137; 42 Am. St. Rep. 897]; *Perkins* v. *Bank,* 43 S. C. 39 [20 S. E. Rep. 759]; *Tischer* v. *Seely,* 12 Circ. Dec. 750; *Remington* v. *Press Assn.* 7 Circ. Dec. 540 [13 R. 542]; *Goodman* v. *Manning,* 9 Dec. 373 (5 N. P. 94); *National Cash Reg. Co.* v. *Born,* 5 Dec. 99 (31 Bull. 350); *Caldwell* v. *Manufacturing Co.* 4 Circ. Dec. 680 (7 R. 460), affirmed, no report, *Singer Mfg. Co.* v. *Caldwell,* 55 Ohio St. 638; *Jeffries* v. *Draper,* 5 Dec. 160 (7 N. P. 386); *Weil* v. *State,* 46 Ohio St. 450 [21 N. E. Rep. 643]; *Kubach* v. *State,* 14 Dec. 726, affirmed, *Kubach* v. *State,* 25 O. C. C. 488; 22 Cyc. 352; *People* v. *Platt,* 67 Cal. 21 [7 Pac. Rep. 1].

## SWING, J.

Jacob Tennenbaum was tried, convicted and sentenced in the police court of the city of Cincinnati, on a warrant and affidavit containing the following charge:

"That one Jacob Tennenbaum, on or about the second day of April, 1907, at the city and county aforesaid, did unlawfully and knowingly take possession by writ of replevin of certain furniture and household goods, theretofore, to wit, on the twenty-sixth day of August, 1905, sold by said Jacob Tennenbaum to said affiant to be paid for in installments, and then and there in the possession of said affiant, without then and there tendering or refunding to said affiant any part of the money paid by said affiant to said Jacob Tennenbaum, the amount so paid having exceeded twenty-five per centum of the contract price of said property."

We are of the opinion that no offense is charged in this affidavit under our statute. There is no allegation in it that it was a conditional sale, as defined by Sec. 1 of act 98 O. L. 115 (Sec. 4155-2 Rev. Stat.; Lan. 6849). A conditional sale as therein defined is one where the title remains in the vendor until the purchase price is paid.

Section 4155-3 Rev. Stat. provides that property so sold, that is conditionally, shall not be retaken except upon the repayment of a certain amount of the purchase price; and Sec. 4155-4 Rev. Stat. provides that any one violating this provision shall upon conviction be deemed guilty of a misdemeanor.

Tennenbaum v. State.

There being no offense charged, the demurrer of the defendant to the affidavit should have been sustained. The offense defined by the statute must, in substance at least, be charged in the affidavit, and there is no charge here.

Judgment reversed.

**Giffen** and **Smith, JJ.,** concur.

---

## GIFTS.

[Hamilton (1st) Circuit Court, 1908.]

Swing, Giffen and Smith, JJ.